UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AVI COHEN, individually and on behalf of all others similarly situated, | Case No.: 15-cv-3413 |
| *Plaintiff,* | Date Filed: June 12, 2015 |
| *v.* | Civil Action |
| SLOMIN'S, INC., a New York corporation, | Class Action Complaint and Demand for Jury Trial |
| *Defendant.* | |

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Avi Cohen brings this Class Action Complaint and Demand for Jury Trial against Slomin's Inc. to stop its practice of making unauthorized calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. Defendant Slomin's is the largest privately owned home security company in the United States. In addition to home security systems, Defendant offers consumers heating oil and home cooling products.

2. Unfortunately for consumers, in an attempt to promote its services, Defendant Slomin's conducted (and continues to conduct) a wide-scale telemarketing campaign and repeatedly made unsolicited calls to consumers' telephones—whose numbers appear on the

National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the potential cost for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers registered on the National Do Not Call Registry and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Avi Cohen is a natural person and citizen of the State of New York.

6. Defendant Slomin's, Inc., is a New York corporation with its principal place of business located at 125 Lauman Lane, Hicksville, New York 11801. Defendant Slomin's conducts business throughout this District, the State of New York, and the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Slomin's because it conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or

emanated from this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Slomin's is headquartered here, conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

9.      Slomin's is a home services company primarily operating out of the mid-Atlantic region, including New York, New Jersey, Connecticut, Georgia, Delaware, Maryland, Virginia, and Washington, D.C. Within this area, Slomin's offers homeowners home security systems, heating oil, and home cooling products.

10.     Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call homeowners *en masse* promoting its services.

11.     Unfortunately, in Defendant's overzealous attempts to market its services, it placed (and continues to place) phone calls to consumers who never provided it with consent to call and to consumers with whom it had no relationship. Worse yet, Defendant placed (and continues to place) repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the National Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

12.     Not surprisingly, Defendant's practices have led to significant backlash from

3

consumers:[1]

- Yep someone called me at 730 this morning and stated they were Slomins Alarm.. I called them back to remove my # & was told that someone added my # on their account # which I don't know who it is and they can't remove your# unless you know who the person who has the acct to take you off

- We get many calls from Slomins on several numbers. This is one of them.

- These people call everyday and do not know how to take no for an answer. The gentleman most recently was very rude and pushy to the point Im ready to contact the Attorney General and file suit against them

- Constantly getting calls on a number that I never even signed up for anything with.

- Never answer the calls but frankly, it's getting annoying at this point.

- Number has called later in the evening (8, 830, and 930) and when picked up the other side hangs up.

- Slomins oil heating company keeps calling my cell phone continuosly! I told them i dont own a home and im not interested and they still keep calling!!!! [SIC]

- Got a call from 516-932-7000 concerning my home alarm and I have no connection with them.

13. Defendant knowingly made (and continues to make) these telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after receiving requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**PLAINTIFF COHEN'S EXPERIENCE**

14. On April 15, 2015, Plaintiff received a telephone call on his landline telephone from (516) 932-7000 that he did not answer. Plaintiff saw that his caller ID indicated it was Defendant calling Slomin's.

---

[1] *See, e.g., 800notes for 516-932-7000*, http://800notes.com/Phone.aspx/1-516-932-7000 (last accessed June 12, 2015); *WhoCallsMe.com*, http://whocallsme.com/Phone-Number.aspx/5169327000 (last accessed June 12, 2015).

15. On April 16th, Plaintiff received a second call from Defendant. Plaintiff spoke to a live telemarketer who indicated she was calling from Slomin's Shield.

16. The telemarketer wanted to offer Plaintiff a "free" security device. Plaintiff told the live operator that he was on the National Do Not Call Registry and that they should not call him.

17. Plaintiff received a third call from Defendant on April 22nd and again requested that Defendant stop calling.

18. On April 27th, Plaintiff received two additional calls from Defendant.

19. Plaintiff registered his landline telephone number with the National Do Not Call Registry on April 13, 2007 for the express purpose of avoiding telemarketing calls like those alleged here.

20. Plaintiff did not provide his prior express consent to receive calls from Defendant Slomin's and was not in the market for a security system. Plaintiff has not had any type of business relationship with Defendant for at least six years.

## CLASS ALLEGATIONS

21. **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All individuals in the United States who: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) promoting Defendant's products or services; (3) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days; and (4) for whom Defendant has no record of consent to place such calls.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant; Defendant's subsidiaries, parents, successors, and predecessors; any entity in which Slomin's or its parents have a controlling

interest; and the current or former employees, officers, and directors of Defendant, its parents, or any entity in which Slomin's or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited, to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (c)     Whether Defendant systematically made telephone calls to consumers who did not previously provide Defendant and/or its agents with prior express consent to receive such phone calls; and

    (d)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct toward Plaintiff and the Class.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and he has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

30. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

31. 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

8

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

32. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall

9

apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

33.     Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to place such calls. Each such call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant and/or Defendant does not have a record of consent to place telemarketing calls to them.

34.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls.

35.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

36. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Avi Cohen, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Avi Cohen as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Slomin's from engaging in the wrongful and unlawful acts described herein;

D. An award of actual and statutory damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 12, 2015                               Respectfully submitted,

**AVI COHEN**, individually and on behalf of all others similarly situated,

By: /s/ Stefan Coleman
     One of Plaintiff's Attorneys

Stefan Coleman (SC6365)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1309 Jericho Turnpike, 2nd Floor
New Hype Park, New York 11040
Tel: 877.333.9427
Fax: 888.498.8946

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Courtney Booth*
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*ᴾʳᵒ hac vice admission to be sought.