UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
AVI COHEN, individually and on behalf                )
of all others similarly situated                                 )
                                                                              )
                              Plaintiff(s),                            )
                                                                              )
v.                                                                           )   Civil Action No. 2:15-cv-03413-JFB-SIL
                                                                              )
SLOMIN'S, INC.,                                                  )
                                                                              )
                              Defendant.                           )
_____)

### DEFENDANT SLOMIN'S INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Slomin's, Inc. ("Slomin's") files this Answer and Affirmative Defenses to Plaintiff Avi Cohen's ("Plaintiff") Complaint:

### PRELIMINARY STATEMENT

Slomin's denies all allegations contained in the headings and all unnumbered or introductory paragraphs in the Complaint. Slomin's answers the allegations in the numbered paragraphs in the Complaint as follows:

### ANSWER

1. Slomin's admits that it provides home security systems, as well as heating oil and home cooling products. Slomin's lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 1 and, on that basis, denies those allegations.

2. Denied.

3. Denied.

4. The first sentence in Paragraph 4 is a legal conclusion to which no response is required. To the extent a response is required to the first sentence, Slomin's denies the allegations. Slomin's admits that Plaintiff has filed the instant lawsuit and seeks redress, but

Slomin's denies that Plaintiff's Complaint has any merit, denies that Plaintiff has properly defined a class in his Complaint, denies that Plaintiff has otherwise alleged the requirements for obtaining class certification, and denies that Plaintiff is entitled to any recovery under his Complaint.  Slomin's denies all other allegations in Paragraph 4.

5. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies those allegations.

6. Slomin's admits the allegations in the first sentence of Paragraph 6.  Slomin's further admits that it offers home security systems within the judicial district described in Paragraph 6, within the State of New York, and within the United States.  Slomin's denies any remaining allegations in Paragraph 6.

7. Slomin's admits that this Court has subject matter jurisdiction over this action and may exercise personal jurisdiction over Slomin's.  Slomin's denies all other allegations in Paragraph 7.

8. Slomin's admits that it is headquartered in and conducts business transactions within the Eastern District of New York.  Slomin's lacks sufficient information to admit or deny the allegations in Paragraph 8 regarding Plaintiff's residence and, on that basis, denies those allegations.  Slomin's denies all other allegations in Paragraph 8.

9. Slomin's admits the allegations in the first sentence in Paragraph 9.  Slomin's denies all other allegations in Paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies those allegations.

15. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies those allegations.

16. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies those allegations.

18. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies those allegations.

19. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies those allegations.

20. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies those allegations.

21. Slomin's admits that Plaintiff purports to bring this action on behalf of himself and a putative class as defined in Paragraph 21.  Slomin's denies that the putative class is properly defined, denies that this case is suitable for class treatment, and denies that Plaintiff or the putative class members are entitled to any relief whatsoever.  Slomin's denies any remaining allegations in Paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. Slomin's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies those allegations. Slomin's denies the remaining allegations in Paragraph 25

26. Denied.

27. Denied.

28. Slomin's restates and realleges its responses to Paragraphs 1–28 as if fully set forth herein.

29. Slomin's admits that Paragraph 29 accurately quotes a portion of 47 U.S.C. § 227(c)(5). Slomin's further states that 47 U.S.C. § 227(c)(5) speaks for itself, and Slomin's denies any allegations of Paragraph 29 that are inconsistent with 47 U.S.C. § 227(c)(5).

30. Slomin's admits that Paragraph 30 purports to quote a portion of 47 C.F.R. § 64.1200(c). Slomin's denies that Plaintiff accurately quotes from 47 C.F.R. § 64.1200(c), but further states that 47 C.F.R. § 64.1200(c) speaks for itself, and Slomin's denies any allegations of Paragraph 30 that are inconsistent with 47 C.F.R. § 64.1200(c).

31. Slomin's admits that Paragraph 31 accurately quotes a portion of 47 C.F.R. § 64.1200(e). Slomin's further states that 47 C.F.R. § 64.1200(e) speaks for itself, and Slomin's denies any allegations of Paragraph 31 that are inconsistent with 47 C.F.R. § 64.1200(e).

32. Slomin's admits that Paragraph 32 accurately quotes a portion of 47 C.F.R. § 64.1200(d). Slomin's further states that 47 C.F.R. § 64.1200(d) speaks for itself, and Slomin's denies any allegations of Paragraph 32 that are inconsistent with 47 C.F.R. § 64.1200(d).

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## PRAYER FOR RELIEF

No responsive pleading is necessary to Plaintiff's prayer for relief. To the extent a response is required, Slomin's denies that Plaintiff is entitled to the relief requested or any relief whatsoever, including under subparts (A) through (F).

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Slomin's hereby demands that all claims in this action be tried to a jury.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Slomin's further pleads the following defenses to both the individual and purported class claims alleged in the Complaint:

## FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted against Slomin's, and further fails to state facts sufficient to entitle Plaintiff or any member of the putative class to the relief sought or to any other relief.

## SECOND DEFENSE

Plaintiff's claim is barred because he has incurred no actionable damage.

## THIRD DEFENSE

Any injury, statutory or otherwise, allegedly suffered by Plaintiff was not caused by the acts, conduct, or omissions of Slomin's.

**FOURTH DEFENSE**

Plaintiff's claim and the putative class members' purported claims are barred, in whole or in part, because any alleged damages they have sustained were caused by third parties or entities rather than Slomin's.

**FIFTH DEFENSE**

Plaintiff's claim and/or the alleged claims of the putative class members are barred because Slomin's had the prior express consent of the called party and/or a phone number not protected by the TCPA.

**SIXTH DEFENSE**

Plaintiff's claim and/or the alleged claims of the putative class members are barred to the extent Plaintiff and/or the putative class members seek damages that violate Slomin's rights to due process and protection from fines that are excessive and in violation of the Eighth Amendment to the United States Constitution.

**SEVENTH DEFENSE**

Plaintiff's claim is barred to the extent he has failed to satisfy any condition precedent to suit.

**EIGHTH DEFENSE**

Plaintiff is not entitled to injunctive relief.  Plaintiff has an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction.  Plaintiff cannot show a likelihood that he will suffer any future injury from Slomin's.  There is no likelihood that Slomin's will violate his rights in the future.

### NINTH DEFENSE

Plaintiff's claim and/or the alleged claims of the putative class members for statutory damages in the amount of $1,500.00 are barred because Slomin's did not willfully or knowingly violate the TCPA.

### TENTH DEFENSE

The claim alleged in the Complaint may not be properly certified or maintained as a class action.  Plaintiff has failed to allege adequately all of the elements necessary to establish a valid class action under the Federal Rules of Civil Procedure and other applicable law.  The claim in the Complaint may not be properly certified because the putative class members are not readily ascertainable.  Plaintiff is not an appropriate class representative because his claim is not common and/or typical of the claims of the purported class members, which are subject to numerous individualized defenses.  The claim in the Complaint is inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by the claims in the Complaint, and Plaintiff and his counsel would not adequately represent the putative class members.

### ELEVENTH DEFENSE

The claim alleged in the Complaint may not be properly certified or maintained as a class action because whether putative class members provided Slomin's with prior express consent to call their residential telephone numbers is an inherently individualized issue that precludes class certification.

### TWELFTH DEFENSE

The claim alleged in the Complaint may not be properly certified or maintained as a class action because Plaintiff has pleaded an overbroad and unascertainable class definition that

includes individuals who provided Slomin's with prior express consent to call their residential telephone numbers.

### THIRTEENTH DEFENSE

The claim alleged in the Complaint may not be properly certified or maintained as a class action because Plaintiff has pleaded an overbroad and unascertainable class definition that includes individuals who had an established business relationship with Slomin's.

### FOURTEENTH DEFENSE

The claim alleged in the Complaint may not be properly certified or maintained as a class action because it is based on an inherently individualized, uncommon set of circumstances.

### FIFTEENTH DEFENSE

Slomin's denies the material allegations of the Complaint and demands strict proof thereof.

### SIXTEENTH DEFENSE

Any damage, loss, or liability sustained by Plaintiff and attributable to Slomin's (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Slomin's, including other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

### SEVENTEENTH DEFENSE

Plaintiff's claim and/or the alleged claims of the putative class members for statutory damages are barred because Plaintiff and/or the putative class members have not acted with reasonable diligence and have not mitigated their damages, if any.

**EIGHTEENTH DEFENSE**

Plaintiff's claim and/or the alleged claims of the putative class members are barred because Slomin's conduct was authorized by the TCPA and/or its regulations.

**NINETEENTH DEFENSE**

Slomin's reserves the right to assert any other affirmative defenses and to amend this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, having fully answered the Complaint, Slomin's denies that Plaintiff is entitled to judgment in any amount and prays that the Complaint be dismissed with prejudice at the cost of Plaintiff.

Respectfully submitted, this 13th day of October 2015.

**SLOMIN'S, INC.**

By: /s/ Richard T. Marooney, Jr.
Richard T. Marooney, Jr.
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
rmarooney@kslaw.com
Telephone:  212-556-2100
Facsimile:  212-556-2222

Jonathan R. Chally (*pro hac vice* admission to be sought)
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
jchally@kslaw.com
Telephone:  404-572-4600
Facsimile:  404-572-5100

*Counsel for Defendant Slomin's, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 13, 2015, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which will send notice of electronic filing to the following counsel of record:

Stefan Coleman
LAW OFFICES OF STEFAN COLEMAN, LLC
1309 Jericho Turnpike, 2nd Floor
New Hype Park, NY 11040
law@stefancoleman.com
Telephone: 877-333-9427
Facsimile: 888-498-8946
*Counsel for Avi Cohen*

Rafey S. Balabanian
Benjamin H. Richman
Courtney Booth
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
rbalabanian@edelson.com
brichman@edelson.com
cbooth@edelson.com
Telephone: 312-589-6370
Facsimile: 312-589-6378
*Counsel for Avi Cohen*

          By: /s/ Richard T. Marooney, Jr.,
             Richard T. Marooney, Jr.