UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AVI COHEN, individually and on
behalf of all others similarly situated,

       *Plaintiff*,

       *v.*

SLOMIN'S, INC., a New York
corporation,

       *Defendant*.

------------------------------------------------------------x

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 07 2016   ★

LONG ISLAND OFFICE

PARTIES' RULE 26(f) REPORT

2:15-cv-03413-AMD-SIL

Plaintiff Avi Cohen ("Cohen" or "Plaintiff") and Defendant Slomin's, Inc. ("Slomin's" or "Defendant") (collectively, the "Parties") submit the following Rule 26(f) report and, in support thereof, state the following:

1. **Summary of the Claims**

Plaintiff alleges that Defendant Slomin's—a New York corporation that provides home security, heating, and cooling goods and services—placed (or caused to be placed) thousands of unsolicited telephone calls advertising its services to consumers in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Specifically, Cohen alleges that Slomin's placed (or caused to be placed) these telephone calls to putative class members with whom it had no relationship, who never provided their prior express consent to receive such calls, and whose telephone numbers are listed on the National Do Not Call Registry.

Slomin's denies that it called Plaintiff in violation of the TCPA and denies that Plaintiff's claims support class treatment.

2.   **Possibility of Settlement**

The Parties participated in months of discussions regarding potential resolution of this matter but have reached an impasse.

3.   **Proposed Discovery Plan**

   a.   *Initial Disclosures*

The Parties propose exchanging their respective Rule 26(a)(1) disclosures no later than December 6, 2016.

   b.   *Scope of Discovery*

Plaintiff anticipates taking formal discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized calls at issue; (2) the total number of calls Defendant and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the calls; (5) policies or procedures maintained by Defendant and/or its agents related to the making of the calls; (6) records of consent to place the calls (if any); (7) records of established business relationships with individuals who received the calls at issue (if any); (8) records of individuals' request(s) that Defendant and/or its agents cease making such calls; (9) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be called and/or otherwise complying with the TCPA; (10) contracts between Defendant and its agents related to making the calls; and (11) communications between Defendant and its agents related to making the calls. Plaintiff proposes that both class and merits related discovery proceed at the same time and in accordance with the schedule of deadlines set forth in Section 4, below.

Slomin's anticipates conducting discovery on the factual basis for Plaintiff's claims, including Plaintiff's relationship with Slomin's, the circumstances under which Plaintiffs' phone number became available to Slomin's, and the extent to which Plaintiff, or others, provided consent to Slomin's using Plaintiff's telephone number, or the telephone numbers of the proposed class members. Slomin's will also seek discovery related to Plaintiff's efforts to pursue this case on behalf of an alleged class to demonstrate that this case may not proceed as a class action. As the Parties have discussed, the schedule below contemplates sufficient time to focus discovery efforts, first, on issues related to Plaintiff's claims and Plaintiff's attempt to pursue this case as a class action. Once the Court has resolved Plaintiff's anticipated motion for class certification, the schedule contemplates additional discovery to prepare the case for trial, whether as an individual case or as a class action.

    c.    *Form and Disclosure of Electronically Stored Information*

Plaintiff will provide Defendant a proposed electronically stored information ("ESI") protocol regarding: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) the designation and roles of ESI liaisons, and (7) any other relevant ESI issues that may arise.

    d.    *Issues about Claims of Privilege*

The Parties intend to submit to the Court for its review and approval a proposed protective order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

e.  Changes and Limitations in Discovery

The Parties believe that discovery should proceed according to the presumptive limits set by the Federal Rules of Civil Procedure. The Parties reserve their right to seek additional discovery or further limits to discovery as issues arise.

4.  **Proposed Discovery and Pre-Motion Conference Deadlines**

The Parties propose the following schedule of discovery, pre-motion conference, and general case deadlines:

| EVENT | PARTIES' PROPOSED DEADLINE |
| --- | --- |
| Deadline to Exchange Rule 26(a)(1) Initial Disclosures | December 6, 2016 |
| Deadline to Issue First Set of Written Discovery Requests | December 15, 2016 |
| Deadline to Respond to First Set of Written Discovery | January 16, 2017 |
| Deadline to Amend Pleadings and Add Parties Without Leave of the Court | January 30, 2017 |
| Deadline to Complete Depositions | March 29, 2017 |
| Deadline to Disclose Expert Witnesses Relating to Class Certification | April 14, 2017 |
| Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification | June 2, 2017 |
| Deadline for Completion of Expert Discovery Relating to Class Certification | June 23, 2017 |
| Plaintiff's Deadline to File a Motion for Class Certification | July 11, 2017 |
| Defendant's Deadline to File an Opposition to Plaintiff's Motion for Class Certification | August 25, 2017 |
| Plaintiff's Deadline to File a Reply in Support of Class Certification | September 15, 2017 |

4

| | |
|---|---|
| *Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| *Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification[1] |
| *Deadline to Complete Fact and Expert Discovery (Both Class and Merits)* | Twelve (12) weeks following the Court's Order on class certification |
| *Deadline to Serve Local Rule 56.1 Statements of Material Facts* | Sixteen (16) weeks following the Court's Order on class certification |
| *Deadline to Serve Local Rule 56.1 Counterstatements* | Nineteen (19) weeks following the Court's Order on class certification |
| *Deadline to Request a Summary Judgment Pre-Motion Conference* | Twenty (20) weeks following the Court's Order on class certification |
| *Deadline for Filing Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures[2]* | Four (4) weeks following the Court's Order on dispositive motions |
| *Pretrial Conference* | TBD |
| *Deadline to File Pretrial Statements* | Thirty (30) days following the filing of the final pretrial order |
| *Deadline to File Requests to Charge and Voir Dire Questions* | One (1) week before trial begins |
| *Trial to Begin* | TBD |

\*   \*   \*

SO ORDERED
by
Magistrate Judge Steven I. Locke



Respectfully submitted,

**AVI COHEN**, individually and on behalf of all others similarly situated,

Dated: December 2, 2016

By: /s/ Courtney C. Booth
One of Plaintiff's Attorneys

---

[1] The Parties' expert disclosures will be served without waiving their ability to supplement those disclosures, or disclose additional experts, based on any additional fact discovery conducted before the deadline for such discovery.

[2] The Parties acknowledge the Court's individual practices and rules regarding the filing of pre-trial materials within sixty days from the completion of discovery. However, based on their experience in class litigation, counsel respectfully request that the Court enter an order approving their suggested deadline for the submission of a joint pre-trial order to compensate for the complexities inherent in class litigation generally, and this case specifically.

5